Matthew JONES, Appellant

v.

DELAWARE STATE POLICE

No. 17-2652

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 September 28, 2017

(Opinion filed: October 26, 2017)

Matthew Jones, Pro Se

Before: CHAGARES, VANASKIE and
KRAUSE, Circuit Judges

OPINION *

PER CURIAM

Matthew Jones filed a complaint in the
United States District Court for the District of Columbia. That Court transferred
his complaint and application to proceed in
forma pauperis ("IFP") to the United
States District Court for the District of
Delaware. The transferee court entered an
order on June 7, 2017, denying Jones's
IFP motion based on Jones's stated annual
income. The Court gave Jones 30 days to
pay the $400 fee. When Jones did not pay
the fee, the Court dismissed the complaint
and Jones timely appealed.

---

\* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. Notably, we granted Jones's application to
proceed IFP on appeal, but the affidavit Jones

This Court's review of an IFP denial is
for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). A
litigant need not be "absolutely destitute"
or contribute his or her "last dollar" in
order to qualify for IFP status. See Adkins
v. E.I. DuPont de Nemours & Co., 335
U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43
(1948). An affiant must show the inability
to pay the fees, see Walker v. People
Express Airlines, Inc., 886 F.2d 598, 601
(3d Cir. 1989), but it suffices when an
affiant states the inability to pay court
costs and also provide himself with life's
necessities; unchallenged affidavits ordinarily should be accepted. See Adkins, 335
U.S at 339, 69 S.Ct. 85.

In the District Court, Jones's IFP application reflected a monthly surplus of over
$700 after expenses. The District Court
thus properly determined that paying the
filing fee would not deprive Jones of any of
life's necessities. Given Jones's figures, the
District Court did not abuse its discretion
in determining that he had the means to
pay the $400 filing fee.[1] We thus will affirm the District Court's judgment.

filed here reflected a much smaller surplus in
funds each month. But we reiterate that, given the information it had, the District Court
did not abuse its discretion in denying Jones
the privilege of proceeding IFP.